IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SENTINEL INTEGRITY SOLUTIONS, INC., | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:10−cv−01576 |
| v. | § § | |
| MISTRAS GROUP, INC., | § § | |
| Defendant, | § § | |
| v. | § § | |
| SCOTT W. COREY, | § § | |
| Counter-Defendant | § | JURY DEMANDED |

## PLAINTIFF AND COUNTER-DEFENDANT'S
## MOTION IN LIMINE

Plaintiff and Counter-Defendant (hereinafter "Plaintiff") hereby file this Motion in Limine before the *voir dire* examination of the jury panel, and out of the presence and hearing of the jury panel, seeking to exclude matters that are inadmissible, irrelevant, or prejudicial in this case. If Defendant and Counter-Plaintiff Mistras Group, Inc. ("Defendant" or "Mistras") injects these matters into the trial of this case through a party, an attorney, or a witness, it will cause irreparable harm to Plaintiff's case, which no jury instruction could cure. If any of these matters are brought to the attention of the jury, directly or indirectly, Plaintiff will be compelled to move for a mistrial. In an effort to avoid prejudice and a mistrial, Plaintiff urges this Motion in Limine. Plaintiff asks the court to instruct Mistras and all counsel not to mention, refer to, interrogate about, or attempt to convey to the jury in any manner, either directly or indirectly, any of the matters listed below without first obtaining a ruling outside the presence and hearing of the jury, and to instruct Mistras and all counsel to warn and caution each witness to follow the same instructions. The matters described below are not admissible in evidence for any purpose and

have no bearing on the issues or the rights of the parties in this case. Even if it can be shown that a matter described may be relevant to a fact of consequence in this case, any probative value is far outweighed by the unfair prejudice, confusion, and delay that would result from allowing its admission into evidence. The matters are as follows:

1.      Any testimony from John Reynolds, an expert testifying on behalf of Mistras Group, Inc., offering his opinion about the usage of "asset integrity management (AIM)" making it generic in the oil and gas industry, as the Court has ruled that such opinion is not helpful in determining whether AIM System is a generic mark. (Dkt. 86, p. 11).

2.      Any testimony from Reynolds as to what makes a mark generic, as the Court has ruled that he may not offer opinions on what makes a mark generic.

3.      Testimony from Reynolds regarding usage of "Asset Integrity Management (AIM)" that is not limited to his personal knowledge of usage of "Asset Integrity Management (AIM)" in the petrochemical inspection industry. (Dkt. 86, p.11-12).

4.      Testimony from Reynolds drawing any conclusion as to whether that usage renders Sentinel's "AIM System" generic. (Dkt. 86, p.11-12).

5.      Testimony regarding, or any mention of or attempt to introduce, Reynolds' Internet Google Search, and any conclusions drawn therefrom, as the Court has ruled they are unreliable, not verifiable, and not trustworthy. (Dkt. 86, p. 12).

6.      Testimony from Reynolds as to whether "asset owners," of which Reynolds is not one, would be confused or misled "to believe that the AIM services offered by Mistras might actually be those offered by Sentinel" as the court has already ruled this testimony to be speculative. (Dkt. 86, p. 12-13).

7. Any testimony by Reynolds regarding confusion of Sentinel's "AIM System" and Mistras' use of similar terms that is not limited to whether he personally experienced confusion. (Dkt. 86, p. 12).

8. Any testimony or attempt to introduce evidence regarding "AIM System" software code or suggestions that Sentinel should have produced a copy of the software during pretrial proceedings or at trial.

9. Any discussions as to the ownership of Sentinel Integrity Solutions, Inc. as such would be totally irrelevant to the trademark issues presented in this case.

10. Any mention of the effect that this lawsuit, fees incurred in this lawsuit, or potential judgment has had, or will have, on Mistras, any division of Mistras or any employee or employees of Mistras.

11. Any mention of the effect that this lawsuit will have on the petrochemical inspection industry in which the parties are participants.

12. Any mention that Sentinel's Mark is in a particular font or typeface and that the particular font or typeface defines the Mark..

13. Any testimony or attempt to offer evidence that Plaintiff was aware of any infringing use of Sentinel's Mark that cannot be shown to have been in use at or before the time that application was made to register the Mark.

14. Any mention of the outcome or motivation for the state-court lawsuit (Cause No. 2010-11229; *Sentinel Integrity Solutions, Inc. v MISTRAS Group, Inc., Jody W. Olson, Carey Roberts, Wendell Hartley and Joey Dugard*; In the 295th Judicial Court of Harris County, Texas) between Sentinel and Mistras.

15. Any mention of the pending TTAB litigation between the parties.

16. Any mention of any use of any mark similar to Plaintiff's Mark in any industry other than the petrochemical inspection industry.

17. Any mention of any third-party usage of "AIM" "AIMS" "asset integrity management" or any combination of "asset" "integrity" or "management" as the Court has found that such usage is not relevant to the issue of whether the service mark "AIM System" is distinctive. (Dkt. 86 p. 11).

18. Any mention that Plaintiff claims or owns the mark "AIM," or that Plaintiff's trademark is for the acronym "AIM," which means "Asset Integrity Management," as the Court has ruled that this is not true. (Dkt. 86, p. 17, 21).

19. Any mention or argument regarding use of the phrase "asset integrity management" as the Court has ruled that "Sentinel's rights to the phrase 'asset integrity management' is not at issue in this case." (Dkt. 86, p. 11, 17)

20. Any mention or argument that Mistras is the senior user of Plaintiff's mark as the Court has found that "Mistras concedes that it is not the senior user of the mark." (Dkt. 86, p. 19).

21. Any mention or argument that Plaintiff's registered mark is not the "senior user" to Mistras' use of its mark(s), or that Mistras use of "Asset Integrity Management Services" or "AIM" is not junior to Plaintiff's mark as the Court has already made these findings. (Dkt. 86, p. 19).

22. Any mention or argument that 'AIM' is not the predominant feature in each logo as the Court has found that 'AIM' is the predominant feature of each. (Dkt. 86, p. 22).

23. Any mention or argument that Plaintiff's mark was not designated in the 'petrochemical inspection industry' as the Court has found that Plaintiff's mark was so designated. (Dkt. 86, p. 23).

24. Any assertion that "AIM System" is limited to how it appears. "The similarity of the marks in question is determined by comparing the marks' appearance, sound, and meaning." *Elvis Presley Enters. v. Capece*, 141 F.3d 188, 201 (5th Cir. 1998); *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 228 (5th Cir. 2009) (comparing stylized marks "aural similarity when the marks are spoken aloud.").

25. Any suggestion that Plaintiff sought to exclude any matters from the trial of this suit. Any such reference is inherently prejudicial in that it could suggest or infer that the movant has acted improperly by seeking to prohibit proof of any matter in this trial.

26. The testimony of, or mention of, any fact witness or expert witness or other person purporting to have knowledge of any matter involved in this case and whose identity was not timely disclosed pursuant to Rule 26.

27. Any testimony or attempt to offer evidence that any portion of revenues from Defendant's PCMS or "AIMS" "Center of Excellence" are not attributable to Mistras' use of its infringing mark, as no expert or person with knowledge of relevant facts has been disclosed on that issue and no documents showing lawful deductions have been disclosed to Plaintiff in discovery.

28. Any testimony or attempt to offer evidence that Plaintiff's mark "AIM System" is generic, descriptive, or non-distinctive, as no expert witness or person has been designated as having knowledge of the use of 'AIM System' within the industry.

29. Any testimony or attempt to offer evidence of 'generic use' of the Mark that Mistras cannot show occurred prior to this suit being filed.

30. Any testimony or attempt to offer evidence that Plaintiff knew of any other person, firm, corporation or association with the right to use said mark in commerce, either in the identical

form or in such near resemblance thereto as to be likely, when applied to the goods of such other person to cause confusion, or to cause mistake, or to deceive, absent Mistras showing that such usage was available prior to Plaintiff's application and that such use took place and has priority of over Plaintiff's mark through use prior to May of 2006.

31. Any reference to Plaintiff not seeking or not showing its own damages or losses from Mistras' infringement as that would be a misstatement of the law.

32. Any mention of attorney fees as such fees are within the discretion of the Court and not for the consideration of the jury. *Texas Pig Stands, Inc. v. Hard Rock Cafe Int'l, Inc.*, 951 F.2d 684, 696 (5th Cir. Tex. 1992) (holding that award of attorney fees for "exceptional case" was statutorily within a judge's discretion and not for the jury.).

33. Any mention or reference to the pending arbitration between Gerald Smith and Plaintiff regarding Gerald Smith's claim of ownership rights to Sentinel and any intellectual property owned by Sentinel.

## Relief Requested

WHEREFORE, PREMISES CONSIDERED, Plaintiff and Counter-Defendant, Sentinel Integrity Solutions, Inc. prays this Court grant this motion for leave and allow Plaintiff and Counter-Defendant to designate witnesses and for all other relief requested.

Respectfully submitted,

THE VETHAN LAW FIRM, PC

By: /s/charlesmrvethan
Charles M.R. Vethan
Attorney-in-Charge
Texas Bar No: 00791852
Southern District Bar No: 19566

Of Counsel

THE VETHAN LAW FIRM, PC
3501 Allen Parkway
Houston, Texas 77019
Telephone: (713) 526-2222
Telecopier:  (713) 526-2230

## CERTIFICATE OF SERVICE

I hereby certify that, a true and correct of copy of this was served on all parties, represented through counsel or pro se, pursuant to the Federal Rules of Civil Procedure through CM/ECF and email on this 13th day of February 2012, as follows:

Mr. John Zavitsanos                                   *Via Email*
Ms. Elizabeth A. Pannill Fletcher
AHMAD, ZAVITSANOS & ANAIPAKOS, P.C.
One Houston Center, 1221 McKinney
Suite 3460
Houston, Texas  77010

/s/charlesmrvethan_____
Charles M.R. Vethan