UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SENTINEL INTEGRITY SOLUTIONS, INC., | § | |
| | § | |
| *Plaintiff/Counter-Defendant*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-10-1576 |
| | § | |
| MISTRAS GROUP, INC., | § | |
| | § | |
| *Defendant/Counter-Plaintiff.* | § | |

**ORDER & FINAL JUDGMENT**

Pending before the court are plaintiff Sentinel Integrity Solutions' renewed motion for judgment as a matter of law (Dkt. 161), and Defendant Mistras, Inc.'s motion for entry of judgment and attorney's fees (Dkt. 162). Upon consideration of the motions, responses, replies, and the applicable law, Sentinel's motion (Dkt. 161) is DENIED and Mistras's motion is GRANTED IN PART and DENIED IN PART.

**1.  Sentinel's Renewed Motion for Judgment as a Matter of Law**

Sentinel renews its Rule 50(a) motion for judgment as a matter of law pursuant to Rule 50(b) and asks the court to set aside the jury verdict and enter judgment for Sentinel. "[W]hen a case is tried by a jury, a Rule 50(a) motion is a challenge to the legal sufficiency of the evidence."[1] *Foradori v. Harris*, 523 F.3d 477, 485 (5th Cir. 2008). "In resolving such challenges, [the court] draw[s] all reasonable inferences and resolve all credibility determinations in the light most favorable to the nonmoving party." *Id.* The district court should grant the "motion only if the evidence points so strongly and so overwhelmingly in favor of the nonmoving party that no reasonable juror could return a contrary verdict." *Id.* In this case, the jury found that Sentinel's

---

[1] Rule 50(b) motions are reviewed using the same standard as Rule 50(a). *Foradoru v. Harris*, 523 F.3d 477, 485 (5th Cir. 2008).

service mark "AIM system" was generic or descriptive. Dkt. 158. They also found that the terms "AIM" and "Asset Integrity Management" were generic or descriptive. *Id.* The court finds that there was sufficient evidence in the record from which a reasonable jury could have found as it did. *Id.* Accordingly, Sentinel's motion is DENIED.

2.   **Mistras's Motion for Entry of Judgment and Attorney's Fees**

   A.   **Motion for Entry of Judgment**

Mistras moves the court to confirm its ruling granting Mistras's motion for judgment as a matter of law on Sentinel's infringement claim and to enter judgment for Mistras on its counter-claims for declaratory judgment and cancellation, based on the jury's verdict. The motion for entry of judgment is GRANTED as detailed more fully below.

   B.   **Motion for Attorney's Fees**

Mistras also moves the court to grant it attorney's fees pursuant to the Lanham Act. The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). In order for the court to find that this case is exceptional, meriting an award of attorney's fees, it must find that the plaintiff acted in bad faith in bringing the suit. *See Proctor & Gamble Co. v. Amway*, 280 F.3d 519, 527–28 (5th Cir. 2002). Although the Fifth Circuit has not articulated what constitutes bad faith on the part of a Lanham Act plaintiff, it has held that when the plaintiff seeks to show bad faith on the part of the defendant it "must show a high degree of culpability." *Id.* at 527 (internal quotation omitted). Therefore, it is reasonable to require that the defendant show a high degree of culpability on the part of the plaintiff in order for a case to be considered exceptional. The court finds that defendant has failed to meet this very high bar. Accordingly, Mistras's motion for attorney's fees is DENIED.

### Conclusion

The parties proceeded to trial before this court. At the close of evidence, the court granted

in part Mistras's Rule 50(a) motion for judgment as a matter of law. The rest of the case was given to the jury, who rendered a verdict that Sentinel's service mark "AIM System" and the terms "AIM" and "Asset Integrity Management" were generic or descriptive. Accordingly, the court enters JUDGMENT as follows:

JUDGMENT is entered for the defendant Mistras Group, Inc. on Sentinel Integrity Solutions, Inc.'s claim for infringement pursuant to the Lanham Act, 15 U.S.C. § 1114. Sentinel shall take nothing on this claim.

JUDGMENT is entered for the counter-plaintiff Mistras Group, Inc. on its claims for cancellation of the Sentinel's Service Mark, and declaratory judgment that the terms "AIM" and "Asset Integrity Management" are generic or descriptive within the United States' oil and gas industry as follows:

It is ORDERED that Sentinel's Service Mark for "AIM System", USPTO Reg. No. 3,724,511 is hereby CANCELLED and VOID because it is descriptive or generic within the United States' oil and gas industry.

Additionally, the court DECLARES that the terms "AIM" and "Asset Integrity Management" are descriptive or generic within the United States' oil and gas industry.

As the prevailing party, Mistras may recover its reasonable costs.

This is a FINAL JUDGMENT.

Signed at Houston, Texas on July 17, 2012.

_____
Gray H. Miller
United States District Judge